# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| A & S LIVESTOCK, INC. | ) | |
| | ) | CASE NO.  11-10092(1)(11) |
| Debtor(s) | ) | |
| | ) | |
| FIRST & FARMERS NATIONAL BANK | ) | |
| | ) | AP NO.  11-1011 |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| A & S LIVESTOCK, INC. | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter came before the Court on May 17, 2011 for an evidentiary hearing on the Motion for Preliminary Injunction of Defendant A & S Livestock, Inc. ("A & S").  The Court heard the testimony of the witnesses and reviewed the documentary evidence submitted.  Following the hearing, the Court **GRANTED** A & S's Motion for Preliminary Injunction and Plaintiff First & Farmers National Bank ("the Bank") requested that the Court issue a ruling as to whether the bank has a security interest in any cattle supplied by MMB Livestock, LLC ("MMB") to A & S.  For the following reasons, the Court determines that the Bank has no security interest in any of the cattle supplied to A & S by MMB.

## **FACTUAL BACKGROUND**

Mark Antle is the owner of A & S. In 2004, A & S began its business of backgrounding cattle. Backgrounding cattle involves purchasing cattle, vaccinating and feeding the cattle and essentially getting the cattle ready for sale to a feed lot. A & S's profit was made when the cattle was sold to the feed lot approximately 90 days after they were initially purchased. In November 2008, A & S and Antle entered into a revolving credit agreement with the Bank for $1.5 million. The loan's purpose was for debt consolidation. Antle and his wife pledged their real estate as collateral for the loan, their existing head of cattle and miscellaneous items of equipment. The Bank extended A & S a line of credit. The Note matured on November 5, 2009 and was extended for an additional 90 days. Once it matured it was not renewed.

By 2009, A & S changed its business from purchasing cattle for backgrounding to receiving cattle from MMB. A & S then performed all services in connection with the backgrounding operation and MMB then sold the cattle. MMB and A & S split the profit on the cattle sold. MMB owned the cattle and A & S provided only labor for the operation and any equipment used in the backgrounding operation. The cattle were bought and sold in MMB's name.

In December 2010, MMB and A & S entered into a written Cattle Backgrounding Agreement. This Agreement was filed with and approved by the Bankruptcy Court. The written agreement memorialized the verbal agreement that MMB and A & S had been working under since June 2009.

**LEGAL ANALYSIS**

Following the evidentiary hearing on Debtor's Motion for Preliminary Injunction, the Bank requested the Court to enter a finding as to whether the Bank has a security interest on the cattle supplied by MMB to A & S for the backgrounding operation. The Court finds that the Bank has no security interest in the livestock supplied by MMB to A & S. MMB always retained title to the cattle and a security interest on behalf of the Bank did not attach to the cattle while A & S had possession of the cattle during the backgrounding operation.

Under KRS 355.9-203, a security interest in Kentucky becomes enforceable against a debtor and third parties with respect to collateral when the following events occur: (1) value has been given; (2) the debtor has "rights" in the collateral or the power to transfer rights in the collateral to a secured party; and (3) the debtor has authenticated a security agreement that describes the collateral. There is no evidence presented that would establish that the Bank's security agreement with A & S extended to any of the livestock owned by MMB while on A & S's property for the backgrounding operation. A & S had no title or rights to the cattle and mere possession by A & S was not enough to grant sufficient rights for security interest to attach. See, *e.g.*, Continental Grain Co. v. Brandenburg, 587 N.W.2d 196, 200 (S.D. 1998). First & Farmers did not have an authenticated security agreement in the cattle and there is simply no evidence to support the Bank's claim that it had a security interest in the cattle owned by MMB while A & S backgrounded the cattle for sale.

**CONCLUSION**

For all of the above reasons, the Court finds that First & Farmers National Bank has no security interest in the cattle owned by MMB.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: May 31, 2011

-3-

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| A & S LIVESTOCK, INC. | ) | |
| | ) | CASE NO. 11-10092(1)(11) |
| Debtor(s) | ) | |
| | ) | |
| FIRST & FARMERS NATIONAL BANK | ) | |
| | ) | AP NO. 11-1011 |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| A & S LIVESTOCK, INC. | ) | |
| | ) | |
| Defendant(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that First & Farmers National Bank has no security interest in the cattle owned by MMB and serviced by A & S Livestock.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: May 31, 2011